UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRUNO ERNST,
    Plaintiff,

vs.                               04-1396

CHRISTOPHER SIDWELL, et al.,
    Defendants.

**ORDER**

      This cause is before the court for consideration of Defendant Ellinger's motion to dismiss the complaint [d/e28]; Defendants Sidwell and Pierce's motions for summary judgement [d/e 37] and Defendant Ellinger's motion for summary judgement [d/e 40].

BACKGROUND

      The pro se plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 against three defendants: Correctional Officer Christopher Sidwell, Nurse Judy Ellinger and Pontiac Correctional Center Warden Guy Pierce. On January 20, 2006, the court conducted a second merit review of the plaintiff's complaint and found that the plaintiff had adequately alleged that:

> 1) Defendant Sidwell violated his Eighth Amendment rights when he used excessive force against the plaintiff; and
> 2) Defendants Ellinger and Pierce were deliberately indifferent to the plaintiff's serious medical condition in violation of the Eighth Amendment.

The claims are against the defendants in their individual capacities only.

      The plaintiff's complaint specifically alleged that on August 31, 2003, Defendant Sidwell twisted the plaintiff's wrist and smashed his face against cell bars. The plaintiff alleged that he was handcuffed at the time and was injured. The plaintiff stated that he repeatedly reported his condition to Nurse Ellinger, but she refused to treat him. Lastly, the plaintiff alleged that he complained about the lack of medical attention to Warden Guy to no avail.

      The basis of all three dispositive motions is the claim that the plaintiff failed to exhaust his administrative remedies as required. The first motion to dismiss filed by Defendant Ellinger was filed based on the face of the complaint. However, Defendant Ellinger has since filed a motion for summary judgement on the same issue. Therefore, the court will dismiss the motion to dismiss as moot. [d/e 28]

      The plaintiff was notified of both motions for summary judgement, but has failed to file a

1

response.  Both motions will be considered without input from the plaintiff.

LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

ANALYSIS

The defendants claim that the plaintiff has failed to exhaust his administrative remedies for either of his claims. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendants have submitted an affidavit from the manager of the Office of Inmate Issues.  Terri Anderson states she has searched the records of the Administrative Review Board, and the office has not received any grievances from the plaintiff concerning excessive force by Officer Sidwell or denial of medical treatment.   The plaintiff has failed to provide evidence that he has taken any steps to exhaust his administrative remedies.   The case is therefore dismissed.

**IT IS THEREFORE ORDERED that:**

**1) Defendant Ellinger's motion to dismiss the complaint is denied as moot. [d/e 28]**

**2) The defendants' motions for summary judgement are granted.  [d/e 37, 40]  This case is dismissed in its entirety, without prejudice, for failure to exhaust administrative remedies.   The parties are to bear their own costs.**

**3) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5)  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6)  <u>The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office</u>.**


Enter this 21st day of February, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE